IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| VICTOR RODRIGUEZ, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:13-CV-1788-D |
| VS. § | |
| § | |
| GRAND PRAIRIE INDEPENDENT § | |
| SCHOOL DISTRICT, et al., § | |
| § | |
| Defendants. § | |

MEMORANDUM OPINION
AND ORDER

In this action under § 2 of the Voting Rights Act of 1965, 42 U.S.C. § 1973, plaintiff Victor Rodriguez ("Rodriguez") challenges the at-large method of electing members of the Grand Prairie Independent School District ("GPISD") Board of Trustees, alleging that, under the totality of the circumstances, it denies Hispanic voters an equal opportunity to participate in the electoral process and to elect representatives of their choice. Rodriguez filed this lawsuit on May 12, 2013,[1] one day after the May 11, 2013 trustees election. On November 25, 2013 the court set this case for trial on the two-week docket of September 8, 2014. Defendants move the court to abate or stay the proceedings in this case for a period of four to six months to enable GPISD to complete the process of establishing single-member

---

[1] May 12, 2013 was a Sunday, but the filing was made possible by use of the court's electronic filing system.

districts for electing school board trustees.[2] Rodriguez opposes the motion.

I

Defendants maintain that staying this case will not only resolve the controversies in this lawsuit but will serve the public interest as a whole. Their arguments in support of abating or staying the case can be distilled into the following line of reasoning: GPISD began the process of establishing single-member districts in February 2013, before Rodriguez filed this lawsuit in May 2013; granting a temporary stay will enable defendants to complete the districting process that has already been underway since March 2013, when the GPISD Board of Trustees voted to hire attorneys and a demographer to provide information regarding the feasibility of single-member districts and the preclearance process that was then required; defendants' efforts to establish single-member districts ceased once Rodriguez filed this lawsuit, because he made outrageous allegations against members of the GPISD Board of Trustees, compelling the trustees to stop working on single-member districts and focus on defending themselves against Rodriguez's false allegations; had the lawsuit not been filed, single-member districts would likely have already been established;[3] and once single-member districts are created, Rodriguez's claims will be moot. Defendants represent

---

[2]They also request that the court impose a form of gag order during the pendency of the stay. *See* Am. Mot. to Stay at 4, ¶ 10 ("Defendants are also requesting that, during the stay, the Court prohibit the parties to the lawsuit from talking about the lawsuit to any individuals or entities other than the attorneys of record and other employees, agents or representatives to the extent necessary to this litigation.").

[3]*But see infra* note 4.

to the court that, if a stay is granted, GPISD is agreeable to working with Rodriguez to assure that, if a single member district election system is adopted,[4] it will be completed in time for the next election of trustees (May 2015), and they outline multiple steps that they envision will occur during the stay period to achieve this end.

II

A district court has discretion to stay proceedings on its docket. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* The party seeking a stay

---

[4]The possibility that single-member districts will not actually result from this process is raised by at least the following statements in defendants' reply brief:

> The Board members do not believe they can vote on the issue in good [conscience] without first hearing from the constituents who have supported the District. *Some trustees are in favor of the system, some opposed, and some undecided.* However they all need to hear from the community before voting.

Ds. Reply Br. 2 (emphasis and bracketed material added).

> For example, if the Court granted the Defendants' Motion, immediately, the Court could give the Defendants two months to communicate with the public and report back on their decision whether to adopt single member districts. *If the Defendants decide to adopt single member district[s], the Parties can proceed to work on drawing district boundaries. If the Defendants decide not to change, the trial can start immediately with a delay of only five or six weeks.*

*Id.* at 7 (emphasis and bracketed material added).

"must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else." *Id.* at 255. "The determination of whether to stay proceedings is best determined by weighing the competing interests of the parties and of the Court." *Busk v. Integrity Staffing Solutions, Inc.*, 2013 WL 4786254, at *2 (D. Nev. Sept. 5, 2013) (citing *Landis*, 299 U.S. at 254-55).

The court concludes that this case should not be stayed or abated. First, Rodriguez's interest in proceeding with this § 2 lawsuit—indeed, the interests of all constituents of GPISD—is significant. "'[V]oting is of the most fundamental significance under our constitutional structure.'" *Burdick v. Takushi*, 504 U.S. 428, 433 (1992) (quoting *Ill. Bd. of Elections v. Socialist Workers Party*, 440 U.S. 173, 184 (1979)). "No right is more precious in a free country than that of having a voice in the election of those who make the laws under which, as good citizens, we must live." *Id.* at 441 (quoting *Wesberry v. Sanders*, 376 U.S. 1, 17 (1964)) (internal quotation marks omitted). If the method of electing GPISD trustees violates § 2, then this litigation should be promptly resolved by trial or settlement. If § 2 is not being violated, then the constituents of GPISD and its trustees are entitled to a court decision that confirms that trustee elections are being conducted in compliance with the Voting Rights Act. There is therefore clear harm in delaying the resolution of this lawsuit.

Second, the court is not satisfied that defendants have presented sufficient grounds to stay or abate the case. The essence of defendants' argument is that a stay is needed to "give the Defendant Board of Trustees the time and opportunity to complete the process they began

in February of 2013 related [to] adopting single member districts in Grand Prairie ISD." Ds. Reply 2 (bracketed material added). But defendants have now had about 18 months to complete this process. And their explanation for why they have not done so is difficult to accept. This is because, at a minimum, there is no apparent change in circumstances—other than the prospect of an adverse result in the impending trial—that would explain why defendants now believe they will be able to work collaboratively with Rodriguez to achieve single-member districts, when they simultaneously complain that his lawsuit and accusations brought their efforts to a standstill in the first place. Moreover, if the court is to take seriously defendants' assertion that "[i]f this lawsuit had not been filed, the District could very likely have had single member districts before the last election in May 2014," *id.*, there must be some plausible, apparent reason to believe that defendants can now complete the process of converting to single-member districts—indeed, can do so working in collaboration with Rodriguez—given that this lawsuit is still pending. No such plausible reason is apparent to the court.

Accordingly, after weighing the competing interests of the parties and of the court, the court concludes in its discretion that this case should not be stayed or abated.[5]

---

[5] Although the court is not abating or staying the case, it may be necessary to adjust the September 8, 2014 trial docket setting due to the court's calendar. Although the court will attempt to provide the parties as much advance notice as possible, they should plan on the possibility of trying the case in the second half of September.

\* \* \*

Defendants' June 27, 2014 motion to stay, as amended on July 25, 2014, is denied.

**SO ORDERED**.

August 15, 2014.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE